Presentment Date:  October 3, 2016
Time:  12:00 p.m.

ROSEN & ASSOCIATES, P.C.
Attorneys for the Petitioning Creditors
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Alice P. Ko

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re                                                                    Chapter 11

FIRST WIVES ENTERTAINMENT LIMITED            Case No. 16-11345-mkv
LIABILITY COMPANY,

                                        Debtor.
----------------------------------------------------------x

**NOTICE OF PRESENTMENT OF PROPOSED ORDER, PURSUANT TO RULE 2004**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE**
**PRODUCTION OF DOCUMENTS BY, AND THE EXAMINATION OF, THE DEBTOR**

            PLEASE TAKE NOTICE that upon the annexed application dated September 7,

2016 (the "**Application**") of Arnold Venture Fund, LP, Edward H. Arnold, and Aruba

Productions, Inc. (the "**Petitioning Creditors**"), creditors of First Wives Entertainment Limited

Liability Company, the above-captioned debtor and debtor in possession (the "**Debtor**"), the

undersigned will present for signature a proposed order, pursuant to Rule 2004 of the Federal

Rules of Bankruptcy Procedure, directing the production of documents by, and the examination

of, the Debtor, by its member, Daniel Choueka, to the Honorable Mary Kay Vyskocil, United

States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, One

Bowling Green, New York, NY 10004-1406 on **October 3, 2016 at 12:00 p.m.**

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief

requested in the Application and entry of the proposed order shall conform to the Federal Rules

of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

shall set forth with specificity the grounds therefor, and be filed with the Bankruptcy Court

electronically in accordance with General Order M-399 (General Order M-399 and the User's

Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the

official website for this Court) by registered users of the Bankruptcy Court's electronic case

filing system and by all other parties in interest on a CD-ROM or other electronic media,

preferably in PDF or any Windows-based word processing format (with a hard copy delivered

directly to Judge Vyskocil's chambers), and served in accordance with General Order No. 559

upon (i) Rosen & Associates, P.C., counsel for the Petitioning Creditors, 747 Third Avenue, New

York, NY 10017-2803, Attn.: Alice P. Ko, Esq., and (ii) the Office of the United States Trustee,

201 Varick Street, Suite 1006, New York, NY 10014, **so as to be received no later than**

**September 26, 2016 at 5:00 p.m.**  Unless objections are received by that time, the order,

substantially in the form annexed to the Application as Exhibit "A," may be entered by the

Bankruptcy Court without a hearing.

Dated:  New York, New York
　　　　September 7, 2016

　　　　　　　　　　　　　　　ROSEN & ASSOCIATES, P.C.
　　　　　　　　　　　　　　　Attorneys for the Petitioning Creditors

　　　　　　　　　　　　　　　By: /s/ Alice P. Ko
　　　　　　　　　　　　　　　　　Alice P. Ko

　　　　　　　　　　　　　　　747 Third Avenue
　　　　　　　　　　　　　　　New York, NY 10017-2803
　　　　　　　　　　　　　　　(212) 223-1100

Presentment Date: **October 3, 2016**
Time: **12:00 p.m.**

ROSEN & ASSOCIATES, P.C.
Attorneys for the Petitioning Creditors
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Alice P. Ko

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re                                                                    Chapter 11

FIRST WIVES ENTERTAINMENT LIMITED                    Case No. 16-11345-mkv
LIABILITY COMPANY,

                                        Debtor.
-----------------------------------------------------------x

**PETITIONING CREDITORS' APPLICATION FOR THE ENTRY OF AN ORDER,**
**PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY,**
**AND THE EXAMINATION OF, THE DEBTOR, BY DANIEL CHOUEKA**

**TO THE HONORABLE MARY KAY VYSKOCIL,**
**UNITED STATES BANKRUPTCY JUDGE:**

Arnold Venture Fund, LP, Edward H. Arnold, and Aruba Productions, Inc. (the

"**Petitioning Creditors**"), creditors of First Wives Entertainment Limited Liability Company,

the above-captioned debtor and debtor in possession (the "**Debtor**"), by their attorneys, Rosen &

Associates, P.C., respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      This Application is submitted in support of the entry of an order, pursuant

to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), directing

the production of documents by, and the examination of, the Debtor.  A copy of the proposed

order is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

2.        This Court has jurisdiction to consider this Application pursuant to 28

U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceeding pursuant to 28

U.S.C. § 157(b).  Venue of these proceedings is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

## RELEVANT BACKGROUND

3.        On May 11, 2016 (the "**Petition Date**"), the Petitioning Creditors filed an

involuntary petition for relief against the Debtor under chapter 7 of title 11 of the United States

Code (the "**Bankruptcy Code**").

4.        On June 27, 2016, the Debtor filed a motion, pursuant to sections 109 and

706(a) of the Bankruptcy Code, to convert the involuntary chapter 7 case to a voluntary case

under chapter 11 of the Bankruptcy Code (the "**Conversion Motion**").  The Conversion Motion

was granted by order of this Court dated August 22, 2016,[1] and the order constituted an order for

relief in the chapter 11 case.

5.        Upon information and belief, since the entry of the order for relief, the

Debtor has continued in possession of its property and the management of its business as debtor

in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.        To date, no trustee, examiner, or creditors' committee has been appointed

in the Debtor's chapter 11 case.

---

[1] The order was entered on August 23, 2016.

2

7.      The Debtor is the holder of the underlying rights through which *First Wives Club*, the movie, was to be developed as a musical for the Broadway and global stage, as well as associated marketing and merchandising.

8.      In the Conversion Motion, the Debtor alleged that "…the producers, business and talent teams are working to bring the production to maturity.  In order to do so, additional development, financing and investment are required, which it is expected will be accomplished, in part, through the chapter 11 process." Conversion Motion ¶ 2.

9.      The Debtor also alleged that "The development of *First Wives Club, the Musical*, as a musical production for the Broadway and global stage, together with associated opportunities for marketing and merchandising, is under way by this alleged debtor," Conversion Motion ¶ 7, and that "…it can take advantage of the rights and opportunities presented under chapter 11 to restructure and achieve the additional development, financing and investment necessary to advance the project toward fruition," Conversion Motion ¶ 8.

10.     The Debtor has not filed its schedules and statement of financial affairs and has filed a motion seeking a 60-day extension of time within which to do so.

## BASIS FOR RELIEF

11.     Bankruptcy Rule 2004 provides, in relevant part:

(a)     *Examination on Motion.*  On motion of any party in interest, the court may order the examination of any entity.

(b)     *Scope of Examination.*  The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge. . . .

(c)     *Compelling Attendance and Production of Documents*.  The attendance of an entity for examination

and for the production of documents, whether the
examination is to be conducted within or without the
district in which the case is pending, may be compelled as
provided in Rule 9016 for the attendance of a witness at a
hearing or trial.  As an officer of the court, an attorney may
issue and sign a subpoena on behalf of the court for the
district in which the examination is to be held if the
attorney is admitted to practice in that court or in the court
in which the case is pending.

(d)    *Time and Place of Examination of Debtor.*  The court
may for cause shown and on terms as it may impose order
the debtor to be examined under this rule at any time or place
it designates, whether within or without the district wherein
the case is pending.

Fed. R. Bankr. Proc. 2004.

12.    "A Rule 2004 examination permits a broad range of inquiry into all

matters relevant to the debtor's financial affairs."  *In re Arkin-Medo, Inc.*, 44 B.R. 138, 140

(Bankr. S.D.N.Y. 1984).  A Rule 2004 examination is conducted to "assist the [party in interest]

in revealing the nature and extent of the estate, ascertaining assets, and discovering whether any

wrongdoing has occurred."  *Cadles of Grassy Meadows II, L.L.C. v. St. Clair (In re St. Clair)*,

533 B.R. 31, 40 (Bankr. E.D.N.Y. 2015) (internal quotation marks and citation omitted); *see also*

*In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) ("The purpose of a Rule

2004 examination is 'to show the condition of the estate and to enable the Court to discover its

extent and whereabouts, and to come into possession of it, that the rights of the creditor may be

preserved." (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)).

13.    The Petitioning Creditors do not believe the Debtor is capable of

confirming any plan of reorganization.  Although it represents in its Conversion Motion that its

development activities have been ongoing, in fact, the Debtor has been doing nothing to produce

*First Wives Club* as a musical - its rights to do so, its principal asset, have lied fallow.

4

14.     Here, the Petitioning Creditors want to review any and all documents in the Debtor's possession, custody or control, regarding the development, financing, and investment with respect to its rights to produce *First Wives Club* as a musical, and examine the Debtor generally, by Daniel Choueka, a member of the Debtor, with respect to the Debtor's financial affairs, assets and liabilities, as well as with respect to such development, financing and investment.  Mr. Choueka appeared on the return date of the Conversion Motion and was introduced to the Court as a principal of Debtor. On information and belief, Mr. Choueka has controlled Debtor's business throughout its existence.

15.     For the foregoing reasons, the Debtor respectfully submits that relief under Bankruptcy Rule 2004 is warranted in this case.

## NOTICE

16.     In accordance with Bankruptcy Rule 2002 and Rule 2002-1 of the Local Bankruptcy Rules for the Southern District of New York, the Petitioning Creditors shall give notice of this Application to: (a) counsel for the Debtor; (b) the Office of the United States Trustee; and (c) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002.  The Petitioning Creditors respectfully submits that no other or further notice is required.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Petitioning Creditors respectfully request that this Court (a) enter an order, substantially in the form annexed hereto as Exhibit "A," granting the relief sought herein and (b) grant such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        September 7, 2016

5

ROSEN & ASSOCIATES, P.C.
Attorneys for the Petitioning Creditors

By:  /s/ Alice P. Ko
       Alice P. Ko

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100