DICONZA TRAURIG KADISH LLP
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Fax: (212) 682-4942
Allen G. Kadish
Email: akadish@dtklawgroup.com

*Counsel for First Wives Entertainment Limited Liability Company,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                                      Chapter 11

FIRST WIVES ENTERTAINMENT                                   Case No. 16-11345 (MKV)
LIMITED LIABILITY COMPANY,

                              Debtor.

----------------------------------------------------------x

## NOTICE OF PRESENTMENT OF APPLICATION OF
## FIRST WIVES ENTERTAINMENT LIMITED LIABILITY COMPANY
## FOR AN ORDER AUTHORIZING
## THE RETENTION AND EMPLOYMENT OF
## DICONZA TRAURIG KADISH LLP AS COUNSEL

**PLEASE TAKE NOTICE** that upon the application (the "**Application**") of FIRST

WIVES ENTERTAINMENT LIMITED LIABILITY COMPANY, the above captioned debtor

and debtor-in-possession (the "**Debtor**"), for an order, pursuant to section 327(a) of the United

States Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016, authorizing

the retention and employment of DiConza Traurig Kadish LLP, as counsel for the Debtor,

effective as of August 23, 2016, the date of the Order for Relief herein, the Debtor will present

the annexed proposed Order to the Honorable Mary Kay Vyskocil, United States Bankruptcy

Judge, in her Chambers, at the United States Bankruptcy Court, Alexander Hamilton Custom

Presentment Date:  October 31, 2016
Presentment Time:  12:00 noon

House, One Bowling Green, New York, New York 10004 for a signature on October 31, 2016 at

12:00 noon (the **"Presentment Date"**).

     **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the

Application must be (i) electronically filed with the Bankruptcy Court; (ii) delivered to the

Chambers of the Honorable Mary Kay Vyskocil; (iii) served upon DiConza Traurig Kadish LLP,

counsel to the Debtor, Attn: Allen G. Kadish, 630 Third Avenue, New York, New York 10017;

and (iv) served upon the Office of the United States Trustee, Attn: Susan D. Golden, 201 Varick

Street, New York, New York 10014; so as to be filed and received no later than no later than

October 31, 2016 at 11:30 a.m. (the "**Objection Deadline**").

     **PLEASE TAKE FURTHER NOTICE THAT** if no objections are timely filed and

served, the Debtor may, on or after the Objection Deadline, submit the proposed Order to the

Court substantially in the form annexed hereto, which Order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated:  New York, New York         DICONZA TRAURIG KADISH LLP
       October 24, 2016

                      By: /s/ Allen G. Kadish
                        Allen G. Kadish
                      630 Third Avenue
                      New York, New York 10017
                      Tel:  (212) 682-4940
                      Fax:  (212) 682-4942
                      Email: akadish@dtklawgroup.com

                      *Counsel for First Wives Entertainment*
                      *Limited Liability Company, Debtor and*
                      *Debtor-in-Possession*

first wives entertainment llc\first wives-bankruptcy\engagement & billings\application to retain dtk\notice of presentment for dtk retention.doc

2

DICONZA TRAURIG KADISH LLP                    Presentment Date: October 31, 2016
630 Third Avenue                              Presentment Time:  12:00 Noon
New York, New York 10017
Tel: (212) 682-4940
Fax: (212) 682-4942
Allen G. Kadish
Email: akadish@dtklawgroup.com

*Counsel for First Wives Entertainment Limited Liability Company,*
  *Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                        Chapter 11

FIRST WIVES ENTERTAINMENT                     Case No. 16-11345 (MKV)
LIMITED LIABILITY COMPANY,

                    Debtor.

----------------------------------------------------------x

**APPLICATION OF
FIRST WIVES ENTERTAINMENT LIMITED LIABILITY COMPANY
FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF DICONZA TRAURIG KADISH LLP AS COUNSEL**

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE:

FIRST WIVES ENTERTAINMENT LIMITED LIABILITY COMPANY, the above

captioned debtor and debtor-in-possession (the "**Debtor**"), as and for its application for an order,

pursuant to section 327(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**"), and

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2014 and 2016, authorizing

the retention and employment of DiConza Traurig Kadish LLP ("**DTK**"), as counsel for the

Debtor, effective as of August 23, 2016, the date of the Order for Relief herein, together with the

Declaration (the "**Declaration**") annexed hereto as **Exhibit A** and incorporated herein by

reference, respectfully represents as follows:

## BACKGROUND

1.     On May 5, 2016, Aruba Productions, LLC, Arnold Venture Fund, L.P., and Edward H. Arnold (the "**Petitioning Creditors**"), filed an involuntary petition under chapter 7 of the Bankruptcy Code (the "**Involuntary Petition**") against the Debtor.

2.     On August 23, 2016, this Court granted the Debtor's motion to convert the involuntary chapter 7 case to a voluntary case under chapter 11 [Docket No. 10] (the "**Order for Relief**").

3.     No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in this case.

4.     The Debtor is the holder of the underlying rights to, and the vehicle through which, *First Wives Club*, the iconic movie, is being developed as a musical for the Broadway and global stage, as well as for associated marketing and merchandising.  The stage production opened in San Diego in 2009 and in Chicago in 2015, and the producers, business and talent teams are working to bring the production to maturity.  In order to do so, additional development, financing and investment are required, which it is expected will be accomplished, in part, through the chapter 11 process.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

5.     This Court has jurisdiction herein pursuant to 28 U.S.C. §§ 157(b)(1) and (2) and 1334.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1408.

7.     The statutory predicates for the relief sought herein are section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

### RELIEF REQUESTED

8.     By this Application, the Debtor respectfully requests that this Court enter an Order authorizing it to employ and retain DTK as its counsel, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 and 2016, effective as of the date of the Order for Relief herein.

9.     The Debtor has determined that DTK has the resources and experience necessary to represent it as bankruptcy counsel in this case.  Attorneys at DTK have represented debtors, creditors, fiduciaries and other parties in chapter 11 cases.  Attorneys at DTK have substantial experience with chapter 11 reorganization cases.  Also, prior to forming DTK, the members of DTK worked at highly regarded bankruptcy boutiques and in the restructuring departments of large law firms.  Given the nature of the case, the Debtor believes that retention of DTK as its counsel is appropriate.

### SCOPE OF EMPLOYMENT

10.    The professional services that the Debtor expects that DTK will be called upon to render include, but shall not be limited to, the following:

(a)    Representing the Debtor in any matter, proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the Debtor may be litigated or affected as a result of this case;

(b)    Advising the Debtor concerning the requirements of the Bankruptcy Code and Bankruptcy Rules and the requirements of the Office of the United States Trustee relating to the discharge of its duties under the Bankruptcy Code; and

(c)    Performing such other legal services as may be required under the circumstances of the Case in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code,

3

including assisting the Debtor's with reports to the Court, monthly statements, fee applications or other matters.

11.     Subject to the Court's approval of this Application, DTK has indicated that it is willing to serve as the Debtor's counsel in this case to perform the services described above.

## DTK DOES NOT HOLD OR
## REPRESENT ANY ADVERSE INTEREST

12.     As set forth in greater detail in the Declaration filed in support herein, DTK has completed a conflicts check including the review of, among others, the following entities: (a) the Debtor; (b) the creditors identified on the list of creditors and interested parties which is attached to the Declaration; (c) the United States Trustee; and (d) the Judges of the Bankruptcy Court for the Southern District of New York (collectively, the "**Potentially Interested Parties**").  As counsel to the Debtor, DTK believes its retention would not be adverse to any party, including Potentially Interested parties.  Out of an abundance of caution, DTK has set forth in the Declaration a delineation of any connections with the Potentially Interested Parties and other creditors and parties in interest.

13.     To the best of the Debtor's knowledge, based upon the Declaration and except as set forth herein, DTK (a) does not hold or represent any interest adverse to the Debtor or its chapter 11 estate, its creditors or any other party-in-interest, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  Because DTK is a firm with substantial experience, the Debtor is aware that DTK may represent, or may have represented, certain creditors of the Debtor's estate or other parties-in-interest in matters unrelated to the Debtor or this case.

14.     To the best of the Debtor's knowledge, (a) DTK's connections, if any, with those parties listed as Potentially Interested Parties (as defined in the Declaration) are disclosed in the

4

Declaration and (b) DTK professionals who will work on this matter are not relatives of the bankruptcy judge presiding over this case, the United States Trustee for this Region, or any person employed in the Office of the United States Trustee for the Southern District of New York.

### COMPENSATION AND REIMBURSEMENT OF EXPENSES

15.     Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines, other orders of this Court and the rules and other procedures that may be fixed by this Court, the Debtor requests that DTK be compensated on an hourly basis by billing in 1/10ths of an hour, plus reimbursement of the actual and necessary expenses DTK incurs, including, but not limited to, photocopies, word processing, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other DTK clients.   In addition, DTK has advised the Debtor that it intends to seek compensation for all time and expenses associated with its retention as a professional, including the preparation of this Application, the Declaration, and related documents, as well as any interim or final fee applications.

16.     DTK has advised the Debtor that the current standard hourly rates charged by DTK for services range from $375 to $645 for attorneys and $195 for law clerks and legal assistants.  It is anticipated that Allen G. Kadish will be the primary attorney on the case and his rate currently is $645 per hour.

17.     The Debtor understands that DTK hourly rates are subject to annual periodic adjustments to reflect economic and other conditions, which adjustments generally occur

annually on or about January 1.  If DTK raises it rates, DTK will file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit will explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.

18.    Other than as set forth above, there is no proposed arrangement to compensate DTK in connection with its services in this case.

## CONCLUSION

19.    No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, based upon the foregoing, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto (a) authorizing the Debtor to retain and employ DTK as its bankruptcy counsel in this case, effective as of the date of the Order for Relief herein, and (b) granting such other and further relief as this Court may deem just and proper.

Dated:  New York, New York  
       October 6, 2016

DICONZA TRAURIG KADISH LLP

By: /s/ Allen G. Kadish

    Allen G. Kadish  
630 Third Avenue  
New York, New York 10017  
Tel:  (212) 682-4940  
Fax:  (212) 682-4942  
Email: akadish@dtklawgroup.com

*Counsel for First Wives Entertainment Limited Liability Company, Debtor and Debtor-in-Possession*

/s/ Paul Lambert  
Paul Lambert, Manager

6

/s/ Jonas Neilson_____

Jonas Neilson, Manager

first wives entertainment llc\first wives-bankruptcy\engagement & billings\application to retain dfk\applicn for ord retention dfk llp.docx

**<u>EXHIBIT A</u>**

DICONZA TRAURIG KADISH LLP
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Fax: (212) 682-4942
Allen G. Kadish
Email: akadish@dtklawgroup.com

*Counsel for First Wives Entertainment Limited Liability Company,*
  *Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
    --------------------------------------------------------x

In re:                                              Chapter 11

FIRST WIVES ENTERTAINMENT                           Case No. 16-11345 (MKV)
LIMITED LIABILITY COMPANY,

                        Debtor.

    --------------------------------------------------------x

## **DECLARATION**

    Allen G. Kadish hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746,

to the best of my knowledge, information and belief:

    1.    I am an attorney duly admitted and in good standing to practice before the United

States District Court for the Southern District of New York and this Court.  I am a partner of

DiConza Traurig Kadish LLP ("**DTK**") with an office located at 630 Third Avenue, New York,

New York 10017.  I submit this declaration in support of the application (the "**Application**")[1] of

First Wives Entertainment Limited Liability Company, the debtor and debtor-in-possession (the

"**Debtor**"), for an order, pursuant to section 327(a) of the United States Bankruptcy Code (the

"**Bankruptcy Code**"), and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**")

---

[1]    Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

2014 and 2016, authorizing the retention and employment of DTK, as counsel for the Debtor, effective as of .August 23, 2016, the date of the Order for Relief herein. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein.

## QUALIFICATIONS OF DTK

2.      Attorneys at DTK have substantial experience with chapter 11 reorganization cases. DTK has represented debtors, creditors, fiduciaries and often parties in Chapter 11 cases. Also, prior to forming DTK, the members of DTK worked at highly regarded bankruptcy boutiques and in the restructuring departments of large law firms.

## DTK IS DISINTERESTED

3.      To the best of the Debtor's knowledge, and except as set forth herein, DTK (a) does not hold or represent any interest adverse to the Debtor or its chapter 11 estate, its creditors or any other party-in-interest, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  For so long as DTK represents the Debtor, and absent further order of this court, DTK will not represent any entity other than the Debtor in connection with this case.

4.      In connection with preparing this declaration, I caused to be submitted to each attorney at DTK for review the following names for any potential conflicts: (a) the Debtor; (b) the creditors and interested parties identified on the list attached hereto; (c) the United States Trustee; and (d) the Judges of the Bankruptcy Court for the Southern District of New York (collectively, the "**Potentially Interested Parties**").

5.      Because DTK is a firm with substantial experience, the Debtor is aware that DTK may represent, or may have represented, certain creditors of the Debtor's estate or other parties-in-interest in matters unrelated to the Debtor or this case.

2

6.      DTK and certain of its members, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of the Debtor in connection with matters unrelated to the Debtor or this case.  Moreover, DTK appears in many cases, proceedings, and transactions involving different attorneys, financial consultants and investment bankers, some of which are now and may in the future represent the Potentially Interested Parties or other parties-in-interest in this case.  From time to time, DTK will review its disclosures in this case and in the event that additional material connections are discovered, DTK will disclose such information to this court on notice to parties-in-interest and the United States Trustee.

7.      None of DTK's representations of parties-in-interest in this case, if any, comprise a material component of DTK practice, nor does it represent such parties on any issue relating to the Debtor or its estate.

8.      Notwithstanding the forgoing, DTK has discovered no relationships or connections with any of the Potentially Interested Parties.

9.      Based on the foregoing and except as set forth herein, neither I, DTK, nor any member, counsel or associate thereof, insofar as I have been able to ascertain based on the information currently available to me, represent any interest adverse to the Debtor in the matters upon which DTK is to be engaged.  To the best of my knowledge, information and belief, DTK is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that DTK, its members, counsel and associates:

> (a)     are not a creditor, equity security holder or insider of the Debtor;
>
> (b)     are not, and were not, within two years before the date of filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor; and

3

(c)    do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

10.    No member, counsel or associate of DTK who will work on this matter is a relative of the bankruptcy judge presiding over this case, the United States Trustee for this Region, or any person employed in the Office of the United States Trustee for the Southern District of New York.

## SCOPE OF EMPLOYMENT

11.    The professional services that the Debtor expects that DTK will be called upon to render include, but shall not be limited to, the following:

(a)    Representing the Debtor in any matter, proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the  patients may be litigated or affected as a result of the bankruptcy case;

(b)    Advising the Debtor concerning the requirements of the Bankruptcy Code and Bankruptcy Rules and the requirements of the Office of the United States Trustee relating to the discharge of its duties under the Bankruptcy Code; and

(c)    Performing such other legal services as may be required under the circumstances of this Case in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code, including assisting the Debtor with reports to the Court, monthly statements, fee applications or other matters.

## COMPENSATION AND REIMBURSEMENT OF EXPENSES

12.    DTK intends to apply for compensation for professional services rendered in connection with this Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, U.S. Trustee Guidelines and other Orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred.

4

13.     DTK has advised the Debtor that the current standard hourly rates charged by DTK for services range from $375 to $645 for attorneys and $195 for law clerks and legal assistants.  It is anticipated that I will be the primary attorney on the case and my rate currently is $645 per hour.

14.     The Debtor understands that DTK's hourly rates are subject to annual periodic adjustments to reflect economic and other conditions, which adjustments generally occur annually on or about January 1.  Should rate changes occur, DTK will promptly notify the Debtor, the United States Trustee and the Court and provide appropriate notice.

15.     Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines, other orders of this Court and the rules and other procedures that may be fixed by this Court, the Debtor requests that DTK be compensated on an hourly basis by billing in 1/10ths of an hour, plus reimbursement of the actual and necessary expenses DTK incurs, including, but not limited to, photocopies, word processing, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other DTK clients.  In addition, DTK has advised the Debtor that it intends to seek compensation for all time and expenses associated with its retention as a professional, including the preparation of this Application, the Declaration, and related documents, as well as any interim or final fee applications.

16.     Other than as set forth herein, there is no proposed arrangement to compensate DTK.  No promises have been received by DTK, or any member or attorney of DTK, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

17.     DTK received no compensation prior to the entry of the Order for Relief, and waives any claim to compensation to which it might be entitled for that period.  DTK also has no retainer as of the date of the Order for Relief for going-forward periods.

18.     By reason of the foregoing, I believe that DTK is eligible to be retained as counsel to the Debtor in this Case pursuant to section 327(a) of the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
        October 6, 2016

/s/ Allen G. Kadish
Allen G. Kadish

## **<u>Potentially Interested Parties</u>**

Aruba Productions, LLC
Attn: Ken Denison
1674 Broadway, Suite 300
New York, New York 10019

Arnold Venture Fund, LP
c/o Thomas H. Baer, Esq.
712 Fifth Avenue, 34th Floor
New York, New York 10019

Edward H. Arnold
c/o Thomas H. Baer, Esq.
712 Fifth Avenue, 34th Floor
New York, New York 10019

Sanford P. Rosen, Esq.
Alice Pin-Lan Ko, Esq.
Rosen & Associates, P.C.
747 Third Avenue
New York, New York 10017

William K. Harrington
Linda A. Riffkin
Victor Abriano
Susan Arbeit
Amanda Cassara
Danny Choy
Myrna Fields
Susan Golden
Joseph Nadkarni
Brian Masumoto
Ercilia Mendoza
Mary Moroney
Richard Morrissey
Serene Nakano
Cheuk Ng
Ilusion Rodriguez
Andrea Schwartz
Paul Schwartzberg
Shannon Scott
Sylvester Sharpe
Andrew Velez-Rivera
Greg Zipes
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, New York 10014

First Wives World Enterprises, LLC
Attn: Jonas Neilson
19111 Collins Ave #106
Sunny Isles Beach, Florida 33160

Production Resource Group/PRG
Attn: Darren Deverna
915 Secaucus Road
Secaucus, New Jersey 07096

Mr. & Mrs. Richard Pierpont
6987 Royce Circle
Victor, New York 14564

Dr. Joel Yarmush
1 Hooper Drive
West Orange, New Jersey 07052

Paul Gillcrist
c/o Sands Aviation LLC
5500 Haven Street
Las Vegas, Nevada 89119

Donald J. Pierce
2134 South Walnut Street, Unit 19
Boulder, Colorado 80302

First Page Sage
Attn: Evan Bailny
45 Oceana Drive East, Suite 10A
Brooklyn, New York 11235

H.B. Barnum
c/o Shoestring Productions
7300 Mulholland Drive
Hollywood, California 90046

Franklin, Weinrib, Rudell & Vassalo, P.C.
Attn: Mathew Lefferts, Esq.
488 Madison Avenue, 18th Floor
New York, New York 10022

George Birnbaum, Esq.
Law Offices of George Birnbaum PLLC
230 Park Avenue, Suite 1540
New York, New York 10169

Proof Production Inc.
Attn: Bryan Howell
599 Manshua Blvd.
Sewell, New Jersey 08080

Jonas Neilson
19111 Collins Avenue, #106
Sunny Isles Beach, Florida 33160

Paul Lambert
25 Catskill Court
San Anselmo, California 94960

Ron Ray
549 Regents Gate Road
Henderson, NV 89012

The Honorable Cecelia G. Morris
The Honorable Stuart M. Bernstein
The Honorable Shelley C. Chapman
The Honorable Robert D. Drain
The Honorable James L. Garrity
The Honorable Martin Glenn
The Honorable Robert E. Grossman
The Honorable Sean H. Lane
The Honorable Mary Kay Vyskocil
The Honorable Michael E. Wiles
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10001

first wives entertainment llc\first wives-bankruptcy\engagement & billings\application to retain dtk\declaration of ak suppt applicaion.docx

10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:                                                      Chapter 11

FIRST WIVES ENTERTAINMENT                                   Case No. 16-11345 (MKV)
LIMITED LIABILITY COMPANY,

                Debtor.

-----------------------------------------------------------x

## ORDER AUTHORIZING
## THE RETENTION AND EMPLOYMENT OF
## DICONZA TRAURIG KADISH LLP AS COUNSEL

Upon the application (the "**Application**") of FIRST WIVES ENTERTAINMENT

LIMITED LIABILITY COMPANY, debtor and debtor-in-possession (the "**Debtor**"), for an order,

pursuant to section 327(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**"), and

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**") 2014 and 2016, authorizing

the retention and employment of the law firm of DiConza Traurig Kadish LLP ("**DTK**"), as

counsel for the Debtor, effective as of August 23, 2016, the date of the Order for Relief herein;

and upon considering the Application and the Declaration filed in support thereof; and this Court

having jurisdiction over the Application pursuant to 28 U.S.C. § 157(b)(2)(A); and this Court

having determined that based upon the representations in the Application and the Declaration,

DTK represents no interest adverse to the Debtor's estate or its creditors, and DTK is a

disinterested person as that term is defined under section 101(14) of the Bankruptcy Code; and

after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that the Debtor be, and hereby, is authorized to employ and retain DTK as its

bankruptcy counsel, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules

2014 and 2016, effective as of August 23, 2016, the date of the Order for Relief herein, and DTK is so employed and retained on the terms and conditions set forth in the Application and in the Kadish Declaration; and it is further

ORDERED, that DTK be, and hereby shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 and effective February 5, 2013 and any other applicable orders of this Court; and it is further

ORDERED, that prior to any increases in DTK's hourly rates, as set forth in the Application and the Declaration filed in support thereof, for any individual providing services in Debtor's case, DTK shall file a supplemental affidavit with the Court and provide ten (10) days' notice to the Debtor and the United States Trustee; the supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code; the United States Trustee retains all rights to object to any hourly rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

2

Dated: New York, New York
_____ ___, 2016

_____

MARY KAY VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE

**No Objection:  10/24/16**

UNITED STATES TRUSTEE

By: */s/ Susan D. Golden*
        Susan D. Golden
        Trial Attorney

f
irst wives entertainment llc\first wives-bankruptcy\engagement & billings\application to retain dtk\order authzing dtk llp retention.docx