**Ronald L. Cohen**
*Chapter 7 Trustee*
One Battery Park Plaza
New York, NY 10004
(212) 574-1515

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRST WIVES ENTERTAINMENT LIMITED LIABILITY COMPANY,<br><br>                   Debtor. | Chapter 7<br><br>Case No. 16–11345 (RG) |

TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:

<u>TRUSTEE'S INTERIM REPORT AND APPLICATION FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES</u>

Ronald L. Cohen, Esq., the Chapter 7 Trustee (the "**Trustee**") of the estate of First

Wives Entertainment Limited Liability Company (the "**Debtor**"), submits this Interim Report and

Interim Application (the "**Application**") for the entry of an order, pursuant to 11 U.S.C. §§ 326,

330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), for an interim allowance of compensation to the Trustee and reimbursement of actual and

necessary expenses, and respectfully represents as follows:

**<u>JURISDICTION, VENUE AND STATUTORY PREDICATE</u>**

1.      This Court has jurisdiction to consider this Motion as a core proceeding

pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings is proper in this District

pursuant to 28 U.S.C. §§ 1408. The statutory predicates for the relief requested herein are 11

U.S.C. §§ 105, 326, 330 and 331, as supplemented by Rule 2016 of the Bankruptcy Rules.

**PROCEDURAL BACKGROUND**

2.     On May 11, 2016 (the "**Filing Date**"), Aruba Productions, LLC, Arnold Venture Fund, LP, and Edward H. Arnold (collectively, the "**Petitioning Creditors**") filed an involuntary petition for relief against the Debtor under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

3.     On June 27, 2016, the Debtor filed a motion to convert the involuntary chapter 7 case to a case under chapter 11 of the Bankruptcy Code, and the Court granted the motion by order dated August 23, 2016.

4.     On August 8, 2017, the Petitioning Creditors filed a motion to dismiss or convert the Debtor's chapter 11 case pursuant section 1112(b) of the Bankruptcy Code, and the Court granted the motion by order dated September 25, 2017, converting the case to one under chapter 7 of the Bankruptcy Code.

5.     Consequently, the meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") was scheduled by the Clerk on November 8, 2017, and later adjourned to December 11, 2017 to allow creditors to elect a trustee pursuant to section 702(b) of the Bankruptcy Code.

6.     At the adjourned 341 Meeting held on December 11, 2017, the undersigned was elected Trustee.

7.      On December 26, 2017, the Office of the United States Trustee filed the *Report of Undisputed Election of Chapter 7 Trustee* [Doc. No. 151] with respect to my election, and I have since duly qualified, filed a bond, and am now serving in such capacity.

SK 29715 0001 8485040 v2

8.      On December 23, 2019, the Debtor's case was reassigned from Judge Mary Kay Vyskocil to Judge Robert E. Grossman of this Court.

## THE INTERIM REPORT

9.      Commencing upon his qualification in January 2018, the Trustee received 9 boxes of documents from the previous Chapter 7 trustee and deposited her check for $8,747.57 into the estate's bank account at Empire National Bank (Account # 9300057895), representing all the funds in the estate at that time.

10.      The Trustee proceeded to retain as his counsel the law firm of Rosen &Associates, P.C. ("Rosen").  He also retained the firm of Bradford A. Miller, P.C. ("Miller") as accountant for the estate.  Both of these retentions were approved by orders of this Court.

11.      Together with Mr. Miller and associates at Rosen, the Trustee reviewed the affairs of the Debtor's estate, examining the assets and liabilities of the estate, as pre-petition and post-petition transfers.

12.      The Trustee obtained court orders directing Gildea & Ivanis a firm that provided pre-petition services to the Debtor, to produce documents and to be examined and turn over any information relating to the Debtor's property or financial affairs.  The Trustee reviewed the document production.

13.      The Trustee also sought and obtained a court order directing the production of documents by Daniel Choreka, who in the period prior to the filing of the petition had managed the financial affairs of the Debtor.  The Trustee through his counsel then sought Mr. Choreka's compliance with the Court order and subpoena.

14.      Based on the results of the Trustee's investigation, the Trustee determined to commence adversary proceedings on behalf of the Debtor's estate, to recover money and/or

SK 29715 0001 8485040 v2

property pursuant to Bankruptcy Code section 548. The Trustee commenced seven adversary proceedings in this case (collectively, the "**Adversary Proceedings**"), against the following defendants: All City Family Healthcare Center, Inc. (Adv. No. 18-01640) (the "**All City Proceeding**"), Aruba Productions, LLC (Adv. No. 18-01641) (the "**Aruba Proceeding**"), Gildea & Ivanis (Adv. No. 18-01642) (the "**Gildea & Ivanis Proceeding**"), Holland, Dozier, Holland, Inc., Brian Holland, Eddie Holland (Adv. No. 18-01643) (the "**Holland Proceeding**"), Nassar Hassan (Adv. No. 18-01644) (the "**Hassan Proceeding**"), Richard Pierpont (Adv. No. 18-01645) (the "**Pierpont Proceeding**"), and Andrew Charles (Adv. No. 18-01645) (the "**Charles Proceeding**").

15. All of the proceedings alleged constructive fraudulent transfers to the defendants. Since Plaintiff had the burden of proof on the issue of insolvency, the Trustee retained, pursuant to court order, the firm of Bederson LLP ("Bederson") as an expert to provide an opinion on the Debtor's solvency at the time of these transfers. Discovery including depositions and document production occurred in the Aruba, Gildea & Ivanis, Hassan, Pierpont and Charles Proceedings.

16. The Charles Proceeding was closed on August 7, 2019, pursuant to a stipulation of dismissal, and no notice of appeal was filed.

17. The All City Proceeding and the Pierpont Proceeding were closed pursuant to the stipulations of dismissal filed with the Court on September 4, 2019.

18. The parties entered into settlement agreements in the Aruba Proceeding, the Gildea & Ivanis Proceeding, and the Hassan Proceeding, (the "**Aruba Settlement**," the "**Gildea & Ivanis Settlement**," and the "**Hassan Settlement**," respectively, and the "**Settlements**," collectively).

4

19.     The Aruba Settlement provides that defendant Aruba Productions, LLC ("**Aruba**") shall pay the sum of $20,000 to the Trustee in full and final settlement of the claims asserted in the Aruba Proceeding.  Pursuant to the Aruba Settlement, Aruba paid $20,000 to the Trustee, which the Trustee deposited in a trust account of Seward & Kissel, LLP ("**Seward & Kissel**"), where those monies remain as of the date of this Application.  Pursuant to the Aruba Settlement, immediately after the Effective Date,[1] Seward & Kissel shall deposit all those monies into an account of the Debtor's estate.

20.     The Gildea & Ivanis Settlement provides that defendant Gildea & Ivanis shall pay to the Trustee the sum of $20,000 in full and final settlement of the claims asserted in the Gildea & Ivanis Proceeding.  Pursuant to the Gildea & Ivanis Settlement, Gildea & Ivanis paid $20,000 to the Trustee.  The Trustee deposited the monies in a trust account of Seward & Kissel, where those monies remain as of the date of this Application.  Pursuant to the Gildea & Ivanis Settlement, immediately after the Effective Date, Seward & Kissel shall deposit all those monies into an account of the Debtor's estate.

21.     The Hassan Settlement provides that defendant Nassar Hassan ("**Hassan**") shall pay the sum of $150,000 (the "**Hassan Settlement Payment**") to the Trustee in full and final settlement of the claims asserted in the Hassan Proceeding.  Pursuant to the Hassan Settlement, the first $75,000 of the Hassan Settlement Payment is being held by Hassan's counsel, and shall be paid to the Trustee within two business days of the Effective Date.  The remaining $75,000

---

[1] As set forth in the Settlements, each of the Settlements shall become effective on the first day following the date on which an order of the court approving each of the Settlements becomes a Final Order (the "**Effective Date**").  A "**Final Order**" shall mean an order of the Bankruptcy Court or any court of competent jurisdiction that is no longer subject to the imposition of any stay pending appeal or subject to reversal, modification or amendment by appeal, review or writ of certiorari; provided, however, that the possibility that a motion under section 502(j) of the Bankruptcy Code, or Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or any analogous rule may be, but has not been filed, shall not cause an order not to be a Final Order.

SK 29715 0001 8485040 v2

shall be paid to the Trustee in twelve (12) equal monthly installments, without interest, of $6,250, commencing within two (2) business days of the Effective Date.

22.    The Trustee has moved this Court to approve the Settlements by separate motions, each dated March 3, 2020, with hearings thereon scheduled for March 31, 2020 at 10:00 a.m. (collectively, the "**Settlement Motions**").  Notice of the Settlement Motions and the hearings thereon, was duly provided by Trustee's counsel to the required parties.  Upon Court approval of the Settlements, and each of the orders approving the Settlements becoming a Final Order, monies will be paid to the Debtor's estate as provided in the Settlements.

## THE INTERIM APPLICATION

23.    The proceeds of the Settlements total $190,000.  This amount will be insufficient to fully satisfy the administrative expense claims of retained professionals for services rendered and expenses incurred in the Debtor's chapter 7 case.  The Trustee, Rosen, and Bederson (together, the "**Professionals**") have filed applications for interim allowances of fees earned and reimbursement of expenses incurred, totaling $237,634.37.

24.    Upon the Court's approval of the Settlements, and payments required by the Settlements having been paid, the Debtor's estate will have received $115,000 by the second day after the Effective Date of the Hassan Settlement.  This $115,000 would be the amount available for distribution at this time.  Applicant respectfully requests that, to the extent the Professionals' interim fee applications are allowed, the Professionals and Trustee be paid on account of their respective allowances, pro-rata, the sum of $115,000.

25.    Upon the Court's approval of the Hassan Settlement Agreement, Applicant anticipates that the remaining $75,000 will be paid in twelve monthly installments of $6,250 as set forth in the Hassan Settlement Agreement.  Applicant further anticipates that the $75,000 will be

SK 29715 0001 8485040 v2

distributed on account of the Professionals' final allowances upon the closing of the case and approval of the Court.

## THE TRUSTEE'S REQUEST FOR COMPENSATION

26. Bankruptcy Code section 331 allows for application to the court for interim compensation for services rendered and reimbursement of expenses incurred prior to the application, by the Trustee, as provided under section 330 of the Bankruptcy Code. 11 U.S.C. § 331.

27. Bankruptcy Code section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105 (a). Taken together, Bankruptcy Code sections 105 and 331, allow the court to establish procedures for interim compensation and reimbursement of professionals.

28. Applicant here is the Trustee. Pursuant to Section 326 of the Bankruptcy Code, provides that a trustee may be allowed "reasonable compensation under Section 330 of this title" for "the Trustee's services after the Trustee renders such services" not to exceed a formula set forth in 11 U.S.C. § 326(a). As calculated by the Trustee based on the $115,000 collected so far under the Settlements, the Trustee is eligible to receive a reasonable compensation as follows:

| | |
|---|---|
| 25% of first $5,000 | $1,250 |
| 10% of any amount ($45,000) in excess of $5,000 but less than $50,000 | $4,500 |
| 5% of any amount ($65,000) in excess of $50,000 but less than $1,000,000 | $3.250 |
| Total | $9,000 |

29. Bankruptcy Code section 330(a)(1) specifies that the court may award to a professional person, as follows:

(A)  reasonable compensation for actual, necessary services rendered by the . . .

professional person . . . ; and

(B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  In determining the amount of "reasonable compensation" to be awarded,

section 330(a)(3) of the Bankruptcy Code directs the court to consider several factors, as follows:

> (a)(3) In determining the amount of reasonable
> compensation to be awarded to a . . . professional person,
> the court shall consider the nature, the extent, and the value
> of such services, taking into account all relevant factors,
> including--
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the
>     administration of, or beneficial at the time at which the
>     service was rendered toward the completion of, a case
>     under this title;
>
> (D) whether the services were performed within a
>     reasonable amount of time commensurate with the
>     complexity, importance, and nature of the problem,
>     issue, or task addressed;
>
> (E) with respect to a professional person, whether the person
>     is board certified or otherwise has demonstrated skill
>     and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable, based on the
>     customary compensation charged by comparably skilled
>     practitioners in cases other than cases under this title.

11  U.S.C. § 330(a)(3).

30.     Applicant respectfully submits that the compensation requested herein was

earned on account of necessary services rendered by the Trustee in carrying out his duties in this

case, as required by Section 704 of the Bankruptcy Code.

8

31.     Applicant further submits that the amount of compensation requested herein is not in excess of the limitation prescribed by Section 326 of the Bankruptcy Code and is modest and reasonable as evidenced through consideration of the factors listed in Bankruptcy Code section 330(a)(3), in that (a) aside from the licensing rights which expired on December 31, 2017, it appeared that a substantial portion of what would have been estate assets had been transferred prior to the Debtor's bankruptcy, (b) to regain those assets for the estate required investigation of the transfers and the commencement of the Adversary Proceedings, (c) the monies recovered through the Adversary Proceedings are the primary assets of the estate at this time, and (d) the actual recovery of $115,000 at this time and additional $75,000 at a later date resulted from the Adversary Proceedings commenced by the Trustee.

32.     The Trustee also seeks reimbursement for the following actual and necessary expenses he or his firm Seward & Kissel, incurred on behalf of the Debtor's estate.

| | | |
|---|---|---|
| 1. | Initial Bond Premium | $150.00 |
| 2. | Postage | $ 11.04 |
| 3. | Courier & Delivery | $163.97 |
| 4. | Computer Search | $ 30.48 |
| 5. | Fingerprint Fee | $ 26.00 |
| 6. | Duplicating | $  5.80 |
| | Total | $387.29 |

33.     As the Debtor's estate will have received monies from the Settlements, it is reasonable and appropriate that the Trustee be compensated for the services rendered and reimbursed for actual and necessary costs incurred, as set forth herein.

### NO PRIOR REQUEST

SK 29715 0001 8485040 v2

34. No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, Applicant respectfully requests that this Court: (i) enter an order awarding him an interim allowance of compensation in the amount of $9,000 and reimbursement of actual and necessary expenses incurred in the amount of $387.29; and (ii) grant such other and further relief as may be just and proper.

Dated: New York, New York
March 9, 2020

Ronald L. Cohen
Chapter 7 Trustee of First Wives Entertainment
Limited Liability Company

By: /s/ Ronald L. Cohen
Ronald L. Cohen

One Battery Park Plaza
New York, NY 10004
(212) 574-1515

SK 29715 0001 8485040 v2